IN THE SUPREME COURT OF THE STATE OF DELAWARE

DANIEL T. YEAGER,[1]   §
  § No. 227, 2021
  Petitioner/Respondent Below,   §
  Appellant,   § Court Below—Family Court of
  § the State of Delaware
  v.   §
  § File No. CK10-02177
TIANA D. FISHER,   § Petition Nos. 20-20684, 20-25638,
  § 20-27061, 21-00055, 21-01604,
  Respondent/Petitioner Below,   § 20-26029, 20-23713, and 20-18874
  Appellee.   §

Submitted: July 30, 2021
Decided:  August 12, 2021

Before **SEITZ**, Chief Justice; **VAUGHN** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)  On July 19, 2021, the appellant, Daniel T. Yeager, filed a notice of appeal from Family Court orders dated and docketed on June 9, 2021. A timely notice of appeal was due in this Court by July 9, 2021.[2] The Senior Court Clerk issued a notice directing Yeager to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Yeager,

---

[1] The Court assigns pseudonyms to the parties under Supreme Court Rule 7(d).
[2] Supr. Ct. R. 6(a)(i).

who is incarcerated, states that the prison was on lockdown at the time he was scheduled to see the notary and still is not fully open.

(2)    Time is a jurisdictional requirement.[3]   A notice of appeal must be received by the Court within the applicable time period in order to be effective.[4]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements.[5]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(3)    Yeager has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel.[7]   Department of Correction personnel are not court-related personnel.[8]   Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.  The appeal must be dismissed.

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[4] Supr. Ct. R. 10(a).

[5] *Ward v. Taylor*, 2019 WL 4784943, at *1 (Del. Sept. 30, 2019); *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

[6] *Ward*, 2019 WL 4784943, at *1; *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[7] *See, e.g., Bissoon v. State*, 2017 WL 4111332, at *1 (Del. Sept. 15, 2017) (dismissing untimely appeal in which the appellant asserted that the prison law library did not timely respond to his requests for copying and notarization); *Schafferman v. State*, 2016 WL 5929953, at *1 (Del. Oct. 11, 2016) (dismissing untimely appeal in which the appellant argued that prison personnel prevented him from filing a timely notice of appeal).  *See also Tuohy v. State*, 2019 WL 6606356, at *1 (Del. Dec. 4, 2019) (dismissing untimely appeal in which the appellant contended that he could not access the law library to prepare his notice of appeal because the prison was on institutional lockdown).

[8] *Bissoon*, 2017 WL 2017 WL 4111332, at *1.

2

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice